# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY TUSWEET SMITH,** | : | No. 2:07cv1396 |
| **Plaintiff** | : | |
| | : | (Judge Munley)[1] |
| | : | |
| v. | : | |
| | : | |
| **JOHN D. MCBRIDE,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are plaintiff's motion for leave to proceed *in forma pauperis* and motion to refile his complaint.

**Background**

Plaintiff originally filed the instant complaint and motion for leave to proceed *in forma paueris* on October 16, 2007 in the United States District Court for the Western District of Pennsylvania (Doc. 1). The case was assigned to Magistrate Judge Francis X. Caiazza of that court for preliminary matters. On October 16, 2007, Magistrate Judge Caiazza issued an order that required plaintiff to submit a certified copy showing the value of his prison trust account so that the court could make a determination on plaintiff's ability to proceed *in forma pauperis*. (Doc. 2). Plaintiff had ten days to provide this information, yet failed to do so. On November 13, 2007, the magistrate judge issued a report and recommendation which proposed

---

[1]United States District Judge for the Middle District of Pennsylvania, sitting by designation 28 U.S.C. § 292(b).

that the case be dismissed without prejudice, as the plaintiff had apparently chosen not to pursue it. (Doc. 3). Plaintiff filed objections to this report and recommendation (Doc. 4), but Judge Nora Barry Fischer dismissed those objections and adopted Judge Caiazza's opinion. (Doc. 5). Judge Fischer dismissed the case without prejudice on December 13, 2007. (Id.).

On January 9, 2008, plaintiff filed a new motion to proceed *in forma pauperis* and a motion to refile his complaint. (Docs. 6-7). These documents complied with the requirement established by the court that plaintiff provide a copy of his institutional account statement as it stood at the time he filed his lawsuit. (See Doc. 6). Before Judge Fischer could rule on these motions, however, Chief Judge Anthony J. Scirica determined that the interests of justice would be best served by assigning the case to a different judge. (See Doc. 10). Accordingly, the court assigned the case to the present judge. (Id.).

The court finds that plaintiff has complied with the requirement that he provide the proper documentation to proceed with his claim *in forma pauperis*, and will grant the motion to refile the complaint. Because the complaint is accompanied by a motion to proceed *in forma pauperis*, we will give the action a preliminary screening before allowing service of the complaint.

**Jurisdiction**

As this case was brought pursuant to 28 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all

2

civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Under 28 U.S.C. § 1915(d), we are permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). We may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We undertake such an evaluation before service of the complaint.

**Discussion**

The court will consider the original complaint filed by the plaintiff in this case.[2] Plaintiff's is currently serving a 10-20-year sentence imposed by the Court of Common Pleas of Beaver County, Pennsylvania. (Complaint (Doc. 1-2) (hereinafter "Complt.") at 1). The complaint alleges violations of plaintiff's rights under the

---

[2]The caption to plaintiff's motion to proceed *in forma pauperis* names four defendants: Randall B. Todd, Joy Flowers Conti, Robert C. Mitchell, and John D. McBride. (See Doc. 1-4). From that document, however, it appears that plaintiff meant to address three separate cases with this motion. (Id.). The caption contains three captions on the left side of the page (Anthony Smith v. Randall B. Todd, Anthony Smith v. Joy Flowers Conti and Robert C. Mitchell, and Anthony Smith v. John D. McBride), and leaves a space on the right side of the page to enter a civil action number for each of those cases. Plaintiff has initiated a number of cases in the United States District Court for the Western District of Pennsylvania and appears to have attempted to make his hand-written filings more efficient by using the same document to apply to different cases. Plaintiff provided separate complaints in each of his cases, however, and here we will evaluate only the party named in that individual complaint, Judge McBride.

3

Thirteenth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. (Id.). Plaintiff contends that these violations occurred on June 7, 2007, when Judge John D. McBride of the Beaver County Court of Common Pleas denied his "Post-Conviction Relief Act Petition without permitting the defendant to provide evidence of his liberty." (Id.).

Plaintiff therefore seeks damages under 42 U.S.C. § 1983, claiming that his constitutional rights were violated by a decision made by a state-court judge. The United States Supreme Court has been clear that "'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). This doctrine aims to keep judges independent from influence and protect them from intimidation by those who would use the threat of court action to influence the outcome of a proceeding. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (finding that "it is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feeling in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation."). Plaintiff could not, therefore, prevail on any of his claims against Judge McBride,

4

which arise out of decisions made by the judge in relation to plaintiff's post-conviction petition. Because plaintiff's claim is indisputably meritless, the court will dismiss it with prejudice.

**Conclusion**

The court will grant the plaintiff's motion to proceed *in forma pauperis* and to refile his complaint. After a preliminary screening, the court has determined that the case should be dismissed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY TUSWEET SMITH,** | : | No. 2:07cv1396 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| **JOHN D. MCBRIDE,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 18th day of July 2008, the plaintiff's motion to refile the complaint (Doc. 7) is hereby **GRANTED**. The plaintiff's complaint (Doc. 1-2) is hereby **DISMISSED** as frivolous and indisputably meritless. The plaintiff's motion to proceed *in forma pauperis* (Doc. 6) is hereby **GRANTED** solely for the court's preliminary consideration of the complaint. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**[3]
**UNITED STATES DISTRICT COURT**

---

[3]United States District Judge for the Middle District of Pennsylvania, sitting by designation pursuant to 28 U.S.C. § 292(b).